### SHERWOOD v. WILL, et ux.

Circuit Court, Palm Beach County.

July 2, 1954.

Sam O. Phillips, Jr., Phillips & Nugent, West Palm Beach, for plaintiff.

M. L. Esarey and Miller, Miller & Hewitt, West Palm Beach, for defendants.

C. E. CHILLINGWORTH, Circuit Judge.

This cause was duly tried by the court. Plaintiff, as lessee in a pasture lease in which defendants were the lessors, claims damages because of an alleged breach of contract on the part of defendants "to be responsible for the drainage and control of water table for providing adequate moisture to insure a good growth of grass, maintaining a water table level not less than one to three feet below the surface of the soil, and for the operation and maintenance of drainage pumps and dikes. * * *"

The lease provided an annual $4,000 rental for 160 acres. The lease provision upon which plaintiff principally relied provides— "The lessors agree to be responsible for the drainage and control of water table level for providing adequate moisture to insure a good growth of grass, maintaining water table level not less than one to three feet below the surface of the soil, and for the operation and maintenance of drainage pumps and dikes, and to keep ditches and canals outside the boundaries of said pasture free from obstructive growths."

Defendants urge three defenses. First, impossibility of performance. Second, act of God. Third, a waiver by plaintiff by renewing the lease.

The evidence clearly shows that the lands were inundated to a depth of several inches for several weeks, in the fall of 1951 and in the fall of 1953, during periods when there were heavy rains. The pasture was then unsuited for cattle raising, in fact it was harmful to the cattle to be on the pasture and plaintiff had to move them to other pastures and then return them to the pasture leased from the defendants. As a result the cattle failed to gain weight normally.

The engineering evidence indicates that it was impractical to erect dikes, maintain pumps or provide a water table on these lands in conformity with the terms of the lease. But the evidence does not show that it was impossible or that it could not have been done by an expenditure of some appropriate sum that might well be consistent with the financial requirements and obligations of the lease. The parties did not agree that abnormally high rainfall or even hurricane waters or acts of God should be accepted as adequate justification for defendants to fail to abide by the terms of their contract. Relying upon the defendants, plaintiff paid them added rental money for these provisions of the contract, the breach of which is now urged upon the court.

The evidence shows abnormally heavy rainfall, but nothing that is unusual for the Everglades every year or every few years.

By exercising an option to renew the lease upon the assurance of the defendants that relief would be given, plaintiff did not waive any right to assert the previous breaches thereof.

Plaintiff claims extensive damages, including added expense because of the breach of contract, normal operating expense and a failure to make a profit that would ordinarily have accrued because of the added weight of the cattle. He presented a detailed accounting, but in a matter of this sort one must consider the hazards of the livestock business and the hazards of weather, food, disease, as well as market conditions from time to time. Plaintiff seeks to fasten upon defendants full responsibility for all these amounts, totaling some $21,514.61. This is unwarranted by the proof.

There is a sound basis in the evidence for awarding plaintiff damages, but extra operational expenses and loss of profit should be allowed only to the extent they can be traced to the breach of contract with a reasonable degree of certainty. While this may be difficult, I arrive at the conclusion that plaintiff is entitled to $10,000. This embraces the amount of rent paid defendants for the period of time in question.

It is ordered that plaintiff do have and recover from defendants the sum of $10,000, for which let execution issue. Costs are taxed against defendants.